# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Katherine Kesterson, as Special Administrator and Heir to the Estate of Scott Kesterson and as Parent and Legal Guardian for Minors C.K. and H.K, <br><br> Plaintiff <br><br> v. <br><br> Chattem, Inc.; Barretts Minerals, Inc.; PTI Union, LLC; and Special Minerals, Inc., <br><br> Defendants | Case No.: 2:21-cv-01179-JAD-EJY <br><br> **Order Disregarding Notice of Voluntary Dismissal, Granting Motion to Extend Time to File Pro Hac Vice Petition, Staying Briefing on PTI Union's Dismissal Motion** <br><br> [ECF Nos. 12, 15, 17] |

Plaintiff Katherine Kesterson contends in this removed action that defendants Barretts Minerals, Inc.; PTI Union, LLC; and Specialty Minerals, Inc. made, sold, or distributed asbestos-containing talc products that her late husband, Scott Kesterson, was exposed. She alleges that defendants' products caused Scott to develop malignant mesothelioma, which he succumbed to in July 2020. So in her capacities as Special Administrator and heir to Scott's estate and parent and legal guardian for Katherine and Scott's minor children C.K. and H.K., Katherine sues defendants for negligence, strict liability, false representation, intentional failure to warn, and fraud.[1] Defendant PTI Union moves to dismiss Kathrine's claims.[2] Katherine's out-of-state attorneys move to extend the time for them to file pro hac vice petitions.[3] And counsel for PTI Union notice that Katherine, under Federal Civil Procedure Rule 41(a), is voluntarily dismissing her claims against it.[4]

---

[1] ECF No. 10-2 (complaint).
[2] ECF No. 12.
[3] ECF No. 15.
[4] ECF No. 17. The Clerk of Court sealed the notice because it states the minor children's names.

But the notice of voluntary dismissal of Katherine's claims against PTI Union is not signed by Katherine's attorneys,[5] so it is defective.[6] I assume that this defect is the product of mistake or an attempted end-run around the fact that Katherine's attorneys have not yet filed their pro hac vice petitions and, thus, cannot take any further action in this case on her behalf.[7] I also imagine that this solution was conceived to avoid further briefing on PTI Union's dismissal motion. To ensure a clear record in this case and allow the parties time to cure this defect,

IT IS THEREFORE ORDERED that the notice of voluntary dismissal **[ECF No. 17] is** DEFECTIVE; the Clerk of Court directed to **DISREGARD ECF No. 17** in its entirety. Either Katherine or PTI Union can file a renewed notice of voluntary dismissal once Katherine can cure this defect.

IT IS FURTHER ORDERED that Katherine's motion to extend the time for her out-of-state attorneys to file their pro hac vice petitions **[ECF No. 15] is GRANTED**. The deadline for Katherine's attorneys to file their petitions to practice is **EXTENDED to August 5, 2021**.

IT IS FURTHER ORDERED that the briefing on PTI Union's motion to dismiss **[ECF NO. 12] is STAYED** until further order of this court. PTI Union can move to lift this stay if it appears that Katherine will not be voluntarily dismissing her claims against it. Finally, the parties are cautioned that LR IC 6-1(a)(2) instructs that "if the involvement of a minor child must be mentioned, only the initials of the child should be used."

                                                            _____
U.S. District Judge Jennifer A. Dorsey
Dated: July 16, 2021

---

[5] *See* ECF No. 17 at 2 (notice signed only by counsel for PTI Union).

[6] A notice of voluntary dismissal signed by Katherine would be defective because she is not proceeding pro se but, in fact, has retained counsel who intend to file pro hac vice applications.

[7] L.R. IA 11-2(c).