UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Katherine Kesterson, et al.,

        Plaintiffs

   v.

Barretts Minerals Inc., et al.,

        Defendants

Case No. 2:21-cv-01179-CDS-EJY

**Order Granting Plaintiffs'
Voluntary Dismissal and Closing Case**

[ECF No. 61]

      In March of 2023, plaintiff Katherine Kesterson[1] filed a notice that this matter had been fully resolved and the parties were finalizing settlement documents. ECF No. 56. The parties were ordered to file the appropriate dispositional papers. Minute order, ECF No. 57. Shortly thereafter, Kesterson and defendant Chattem, Inc. filed a joint stipulation to dismiss Chattem from this action. ECF No. 58. Chattem was dismissed. Order, ECF No. 59.  However, in the two months since I instructed the parties to file appropriate disposition papers, no such papers were filed for defendants Barretts Minerals Inc. and Specialty Minerals Inc. As a result, I ordered the parties to appear for a status conference regarding settlement. Order, ECF No. 60. In response, Kesterson filed the instant notice of voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2). ECF No. 61. Neither Barretts Minerals Inc. nor Specialty Minerals Defendants opposed dismissal and there are no remaining defendants or counterclaims.

I.     Analysis

      In the absence of a stipulation signed by all parties who have appeared, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Ninth Circuit has held that dismissal under Rule 41(a)(2) should be granted unless a defendant "will suffer some plain legal prejudice as a result of the dismissal." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1273 (9th Cir. 2023). Plain legal prejudice includes

---

[1] Kesterson is Special Administrator and Heir to the Estate of Scott Kesterson, deceased, and as parent and legal guardian of minors C.K. and H.K.

"prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The Ninth Circuit has explained that "'[u]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (quoting *id.* at 97). "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). And "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97. When ruling on dismissal under Rule 41(a)(2), the court should consider: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and, (3) what terms and conditions, if any, should be imposed." *Sherman v. Yahoo! Inc.*, 2015 U.S. Dist. LEXIS 14032 (S.D. Cal. Feb. 5, 2015).

Here, Kesterson specifically requested that this action be dismissed with prejudice. ECF No. 61 at 2 ("dismissal shall be with prejudice, with each side to bear its own costs and fees"). There is no indication that Barretts Minerals or Specialty Minerals will suffer prejudice to legal interest, claim or argument as a result of dismissal. And Kesterson's notice of resolution states that this matter has been fully resolved. ECF No. 56 at 2. If this matter is dismissed with prejudice—such that the claims cannot be reasserted—it is less likely that Barretts Minerals and Specialty Minerals will suffer any legal prejudice. *See Smith*, 263 F.3d at 975 ("That the district court here dismissed, with prejudice, the federal claims so they cannot be reasserted in another federal suit only strengthens our conclusion that the dismissal caused no legal prejudice …."). Because Barretts Minerals and Specialty Minerals will not suffer plain legal prejudice, dismissal of this matter is appropriate.

As for whether dismissal should be with or without prejudice, Rule 41(a)(2) provides that dismissal shall be without prejudice unless otherwise stated. Again, Kesterson's notice of resolution indicates that the parties have resolved fully resolved all claims. ECF No. 56 at 2.

Kesterson's notice was filed well over a year ago, and she has not moved to enforce the settlement. This suggests that Barretts Minerals and Specialty Minerals have complied with the terms of the settlement agreement. Therefore, I find that dismissal with prejudice is warranted.

Finally, I turn to whether any terms and conditions should be imposed. Kesterson's request for voluntary dismissal provides that each side shall bear its own costs and fees. ECF No. 61 at 2. She does not assert that additional terms and conditions are necessary. Thus, under these circumstances, dismissal with prejudice is appropriate.

II.     Conclusion

Accordingly, it is ordered that Kesterson's notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) **[ECF No. 61] is GRANTED**.

The June 20, 2024 status conference is vacated. The Clerk of Court is kindly directed to close this case.

Dated: June 17, 2024

_____
Cristina D. Silva
United States District Judge